### HOYNE v. SLATTERY.

(Supreme Court, Appellate Term. January 17, 1906.)

JUDGMENT—CONFORMITY TO PLEADING.

In an action in the Municipal Court, where the oral complaint was for damages caused by a blast in the highway in front of plaintiff's house, and on the trial the plaintiff's attorney assented to justice's statement that he presumed the claim was founded on negligence, but the evidence showed neither negligence nor trespass, a judgment for plaintiff, on the ground that the blasting in the highway without a license was a nuisance, was error.

Appeal from Municipal Court, Borough of Bronx, Second District.

Action by Catherine Hoyne against John Slattery. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

William F. Clare, for appellant.
Edward F. Brown, for respondent.

PER CURIAM. We are of opinion that justice requires that this judgment should be reversed, and a new trial had. The action is for damages said to have been caused by defendant's explosion of a blast in the highway in front of plaintiff's house. The pleadings were oral: the complaint being for "damages to personal property," and the answer being a general denial. Upon defendant's demand a bill of particulars

was furnished by which it appeared that the plaintiff claimed that her real estate had been damaged, and she and her children had been frightened; but no amendment of the complaint was had, and so far as the pleadings were concerned the plaintiff still claimed damages for injury to her personal property. Neither the complaint nor the bill of particulars indicated whether the plaintiff sued for a trespass or for negligence, and at the opening of the trial the defendant, very properly, asked that the plaintiff be required to state upon which theory she claimed to recover. No formal order was made upon this motion, but after some colloquy between counsel and the justice it appeared that no actual trespass was claimed, whereupon the justice stated that he presumed that the complaint was founded upon a claim of negligence, to which plaintiff's counsel assented. The trial then proceeded, and at its close the plaintiff had proved neither trespass nor negligence. Subsequently the justice rendered judgment for the plaintiff upon the ground that the defendant had been guilty of a nuisance, in blasting upon a public highway without a license from the proper municipal authority. It is quite true that the defendant had not shown such a license; but there was no reason why he should have done so, because nowhere in the case was there the slightest suggestion that it was sought to hold him liable upon any such ground. He had every justification for believing that he was only called upon to meet a charge of negligent blasting, and may well have been surprised to find himself cast in damages for a cause of action which was not suggested by the pleadings, and had not been referred to upon the trial. Of course it is well understood that litigation in the Municipal Court, under the allowed system of oral pleadings, is necessarily somewhat informal, and that minor variations between the pleadings and the proof will be overlooked; but this rule cannot be extended to so extreme a case as is presented by the present record. As has been said, the evidence was insufficient to sustain an action either for negligence or trespass. It is by no means clear that it would support an action for a nuisance. The law of nuisances with respect to highways has generally been founded upon some invasion of the lawful right of persons to use the highway, and we have been referred to no authority upholding an extension of the law so as to cover consequential damages inflicted upon adjoining property, and not involving any deprivation of light, air, and access.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.